PER CURIAM.
This Florida Bar disciplinary proceeding is before us to review the referee’s order of dismissal. The Florida Bar has petitioned for review. We have jurisdiction, article V, section 15, of the Florida Constitution, and consider the case pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar.
A grievance committee found probable cause against respondent in March 1986 based on complaints from his former law partner. The Bar filed a complaint in September 1987 and we immediately appointed a referee. The thrust of the complaint was that respondent applied cosmetics to the facial scars of two clients in order to misrepresent the injuries and then photographed their faces and forwarded the photographs to the insurance company. As a result, the clients allegedly received a larger settlement than they would have otherwise obtained. A hearing before the referee, scheduled for March 1988, was continued until September 1988 based on a stipulation from the parties that the Bar cquld not locate the photographs at issue. The stipulation contained a statement that the photographs were “necessary for the prosecution of this cause.” Despite the continuance, the Bar was never able to locate the photographs.
When the final hearing commenced, it was announced that the two witnesses the Bar had subpoenaed to testify that Kaufman had applied makeup to misrepresent their injuries had mistakenly gone to Gainesville rather than to Ocala where the hearing was taking place. Because it was understood that these witnesses were now en route to Ocala, the referee suggested that in the interim the parties should address Kaufman’s motion to dismiss which asserted that the Bar could not prove its case in the absence of misplaced photographs. After hearing arguments of counsel, the referee granted the motion to dismiss on the premise that the Bar could not prevail without the photographs. There was no suggestion that the case was being dismissed because the witnesses had not arrived.
While the photographs would have been helpful, they were not essential to the Bar’s proof. If the witnesses had testified that Kaufman applied makeup in order to darken their scars and thereby misrepresent their appearance to the insurance company, this would have presented a prima facie case. The Bar’s stipulation to the necessity of the photographs as the basis for a continuance was not the equivalent of an agreement that the case should *1003 be dismissed if the photographs were not found.
We quash the dismissal and remand for a hearing on the complaint.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
SHAW, J., dissents with an opinion, in which BARKETT and KOGAN, JJ., concur.